IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| AMANDA MCLEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:11-cv-309 |
| vs. ) | |
| ) | |
| SYNERGETIC COMMUNICATION, ) | **JURY DEMAND ENDORSED HEREON** |
| INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, AMANDA MCLEAN, by and through her attorney, MITCHEL E. LUXENGBURG, and for her Complaint against the Defendant, SYNERGETIC COMMUNICATION, INC., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Sanford, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Citi Financial for the deficiency balance from a repossessed motor vehicle.

6. On information and belief, Defendant is a corporation of the State of Texas, which is licensed to do business in North Carolina and which has its principal place of business in Houston, Texas.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. During or about July of 2009, representatives and/or employees of Defendant, including but not limited to an individual who represented himself as Josh Cooper (hereinafter "Cooper"), began contacting Plaintiff in attempts to collect the aforementioned alleged debt.

8. During or about July of 2009, a representative and/or employee of Defendant contacted Plaintiff by telephone at her place of employment. Plaintiff advised Defendant's representative and/or employee that she was not allowed to take calls of that nature while she was at work and asked that Defendant not contact her there again.

9. Despite Plaintiff's request that Defendant not contact her at her place of employment, Defendant's representatives and/or employees continue placing telephone calls to

Plaintiff while she was at work, including but not limited to telephone calls placed to Plaintiff on or about March 17, 2010 and during or about July of 2010. On one occasion, Defendant's representative and/or employee told Plaintiff that if she paid the alleged debt, then Defendant would not have to call her while she was at work.

10. On or about July 27, 2010, Cooper attempted to contact Plaintiff by telephone and instead ended up speaking with Plaintiff's husband. Cooper advised Plaintiff's husband that Defendant was a "settlement company," that Plaintiff owed $7,000 for the aforementioned alleged debt, and that if she did not pay at least $3,000 by July 30, 2010, the account would be turned over to a collection agency.

11. On or about July 31, 2010, a representative and/or employee of Defendant contacted Plaintiff by telephone in a further attempt to collect the alleged debt. Defendant's representative and/or employee stated to Plaintiff that if she made a payment in the amount of $3,000, she could receive title to the vehicle which had previously been repossessed. However, on information and belief, the repossessed vehicle was sold at an auction in 2009.

12. In addition, subsequent to the repossessed vehicle having been sold at auction, Citi Financial advised Plaintiff that the deficiency balance which she owed was approximately $4,000. However, on multiple occasions, Defendant's representatives and/or employees had represented the balance due to Citi Financial as being approximately $7,000.

13. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

       a. Communicating with plaintiff at her place of employment after she advised Defendant that her employer prohibited her from receiving such phone calls while she is working, in violation of 15 U.S.C. § 1692c(a)(3);

  b. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

  c. Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A); and

  d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

14. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, AMANDA MCLEAN, respectfully prays for a judgment against Defendant as follows:

  a. Statutory damages of $1,000.00 for each violation of the FDCPA;

  b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

  c. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the North Carolina Prohibited Practices by Collection Agencies

Engaged in the Collection of Debts from Consumers Statute)

15. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

16. In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

a. Communicating with plaintiff at her place of employment after she advised Defendant that her employer prohibited her from receiving such phone calls while she is working, in violation of N.C. Gen. Stat. § 58-70-100(4);

b. Falsely representing the character, amount and/or legal status of the debt, in violation of N.C. Gen. Stat. § 58-70-110(4); and

c. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with North Carolina law.

17. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, AMANDA MCLEAN, respectfully prays for a judgment against Defendant as follows:

a. Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (42021)
Luxenburg & Levin, LLC
Attorney for Plaintiff
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com